UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD H. HARVEY,

      Petitioner,

                                         Civil No: 06-CV-15375
                                         Honorable Patrick J. Duggan

v.

C. EICHENLAUB,

      Respondent.
_____

## OPINION & ORDER DISMISSING HABEAS PETITION AS MOOT AND DISMISSING MOTION TO EXPEDITE AS MOOT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 24, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Petitioner Donald H. Harvey has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the policies of the Federal Bureau of Prisons ("BOP"), as set forth in 28 C.F.R. §§ 570.20 and 570.21, regarding inmates' eligibility for placement in community corrections centers ("CCC"), also known as residential reentry centers ("RRC") or halfway houses. Those regulations categorically limit the BOP's authority to designate an inmate to community confinement until the last ten percent of the inmate's prison sentence is being served, and then for no more than six months. For the reasons set forth below, the petition is moot.

Article III, Section 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp,* 494 U.S. 472, 477, 110 S. Ct. 1249, 1553 (1990). If "events occur during the pendency of a litigation which render the court unable to grant the requested relief," the case is moot and outside the court's jurisdiction. *See Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002) (internal citations and quotation marks omitted). A court may *sua sponte* raise the question of subject matter jurisdiction, including the question of mootness. *Id*. (citing *Berger v. Cuyahoga County Bar Association,* 983 F.2d 718, 721 (6th Cir. 1993)).

The BOP maintains an Inmate Locator Service, accessible through the BOP's official Internet website, which enables the public to track the location of federal inmates. The Court is permitted to take judicial notice of information on the Inmate Locator Service. *Rodriguez v. Fed. Bureau of Prisons*, No. 06-13951, 2006 WL 3782717, at *1 (E.D. Mich. Dec. 21, 2006) (citing *Chukwuemeka v. Hogsten,* No. 05-2531, 2006 WL 42175, at *1 n. 2 (M.D. Pa. Jan. 6, 2006); *Meador v. O'Brien,* No. 04-224, 2005 WL 2133598, *4 (E.D. Ky. Aug. 31. 2005)). The Inmate Locator Service indicates that on March 22, 2007, while this matter was pending, Petitioner was released from BOP custody.

The relief Petitioner seeks in his habeas petition is a court order requiring the BOP

to consider him for transfer to a RRC. Because Petitioner has been released from BOP custody completely, the Court concludes that there remains no actual injury which the Court would redress with a favorable decision. Accord *Elwood v. Sanders,* 152 Fed. App'x 558 (8th Cir. 2005) (unpublished opinion) (holding that petitioner's release to community corrections center pending appeal rendered moot his challenge to the BOP's policy preventing his transfer); *Chhibba v. Fed. Bureau of Prisons,* 154 Fed. App'x 279 (3d Cir. 2005) (unpublished opinion) (same).

Accordingly,

**IT IS ORDERED**, that the petition for writ of habeas corpus is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that Petitioner's Motion to Expedite, filed February 12, 2007, therefore is also **DENIED** as **MOOT**.

                               s/PATRICK J. DUGGAN
                               UNITED STATES DISTRICT COURT

Copy to:
Donald H. Harvey, #39764-039
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

Patricia Gaedeke, A.U.S.A.

3